UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINTON LEWIS, | : | |
| | : | CIVIL ACTION NO. 3:20-1925 |
| Petitioner | : | |
| | : | (JUDGE MANNION) |
| v. | : | |
| WARDEN E. BRADLEY | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Clinton Lewis, an inmate formerly confined in the Canaan United States Penitentiary, Waymart, Pennsylvania,[1] filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner claims "actual innocence on the conviction of Count 11, Conspiracy to Commit Murder for Hire," arguing that "[t]he indictment was illegally constructively amended in violation of the Fifth Amendment." Id. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. Background

At the conclusion of a twenty-eight-day trial, a jury convicted Lewis of racketeering conspiracy (Count 1), violent crime (murder/kidnapping) in aid

---

[1] Plaintiff is currently confined in the Big Sandy United States Penitentiary, Inez, Kentucky.

of racketeering conspiracy (Counts 2 and 4), conspiracy to commit murder for hire (Count 11), conspiracy to distribute cocaine (Count 14) and conspiracy to commit money laundering (Count 18), as charged in a sixth superseding indictment. United States v. Lewis, No. 2:02-CR- 20449 (W.D. Tenn).

On May 14, 2013, Lewis was sentenced to life imprisonment for Counts 1, 2, 4, 11 and 14, and twenty years for Count 18, to be served consecutively to the life terms. Id.

On appeal, Lewis and a co-defendant asserted "a variance occurred because evidence presented at trial proved multiple conspiracies, while the indictment alleged only a single conspiracy." Lewis raised a different version of the claim presented in the instant petition. United States v. Lewis, 763 F.3d 443, 467-68 (6th Cir. 2014). The Sixth Circuit affirmed the conviction, noting, "[t]his case involves one of the largest drug-trafficking and violent-crime organizations in the southeastern United States." Id. at 448. The Sixth Circuit specifically rejected Lewis's variance claim, noting that multiple witnesses corroborated Lewis's involvement in the organization and provided testimony through which a reasonable juror could conclude Lewis's involvement in the conspiracy by distributing cocaine, operating a stash house, and acting as an enforcer. Id. at 468. The Supreme Court denied a

writ of certiorari on January 12, 2015. Lewis v. United States, 135 S. Ct. 987 (2015).

On October 2, 2015, Lewis filed a motion to vacate sentence under 28 U.S.C. §2255 arguing: (1) ineffective assistance of counsel for failure to investigate, contact or subpoena a potentially exculpatory witness; (2) the Government breached a quasi-contract based on a plea agreement with a term of imprisonment of seventeen and a half years; (3) violation of speedy trial; and (4) he should not have to pay restitution. Lewis v. United States, No. 2:15-CV-2661 (W.D. Tenn.).

By Order dated November 13, 2018, the sentencing court denied each of Lewis's claims, and also denied a certificate of appealability. Id.

On October 20, 2020, Lewis filed the instant petition for writ of habeas, claiming that the Government's evidence, closing argument and the trial court's jury instruction impermissibly and constructively amended the Grand Jury's indictment with respect to Count 11, conspiracy to commit murder for hire. (Doc. 2 at 2).

II. **Discussion**

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the

sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

 A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d

- 4 -

245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal

conviction or sentence under §2241, the §2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Lewis has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255. Thus, he can only bring a challenge under §2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. He has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Instead, his petition raises a claim that was available to him on direct appeal or in a §2255 motion. Because Lewis fails to meet his burden of demonstrating that §2255 is inadequate or ineffective the challenge the legality of his detention, the §2241 petition will be dismissed for lack of jurisdiction. "The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other

gatekeeping requirements." See Long, 611 F. App'x at 55. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

### III. Conclusion

Based on the foregoing, Lewis' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction without prejudice. The dismissal is without prejudice to Lewis' right to seek authorization from the appropriate court of appeals to file a second or successive §2255 motion. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  April 28, 2022**
20-1925-01